United States District Court
Southern District of Texas
**ENTERED**
May 16, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAUL JACKSON, SPN #01267684, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-1419 |
| STATE OF TEXAS, | § § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

The plaintiff, Paul Jackson (SPN #01267684), is an inmate in custody as a pretrial detainee at the Harris County Jail. He has filed a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 ("Complaint")(Docket Entry No. 1) against the State of Texas, alleging that his prosecution is unlawful because his arrest was the result of racial profiling. Because Jackson is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I. Background

Jackson alleges that he was arrested in Houston, Texas, on September 13, 2018, by Officer J.P. Simmons.[1] Court records available from the Harris County District Clerk's Office show that Jackson is was charged pursuant to a felony indictment with making a terroristic threat in Cause No. 1604976, which is pending against him in the 174th District Court for Harris County, Texas.[2] According to the indictment, Jackson threatened to murder a public servant, a peace officer, on September 13, 2018.[3]

Invoking 42 U.S.C. § 1983, Jackson sues the State of Texas, alleging that his arrest was the result of "racial profiling" and that the arresting officer handcuffed him too tightly.[4] Jackson seeks compensatory damages for his "pain and suffering."[5]

## II. Discussion

Jackson's Complaint must be dismissed because his allegations are substantially identical to claims raised by him in at least three other civil rights lawsuits that he filed in this district. See <u>Jackson v. Harris County</u>, Civil No. H-18-4535 (S.D. Tex.);

---

[1]Complaint, Docket Entry No. 1, p. 5.

[2]See Indictment, Cause No 1604976, available from the Harris County District Clerk's Office website, located at https://www.hcdistrictclerk.com (last visited May 15, 2019).

[3]See id.

[4]Complaint, Docket Entry No. 1, p. 5.

[5]Id.

Jackson v Houston Police Dep't, Civil No. H-19-278 (S.D. Tex.); and Jackson v. State of Texas, Civil No. H-19-0578 (S.D. Tex.). His previous civil rights complaint against the State of Texas in Civil No. H-19-0578, which also alleged that he was the victim of "profiling" and handcuffed too tightly by the arresting officer, was dismissed on February 28, 2019, for failure to state a claim.[6]

A prisoner civil rights complaint is considered "malicious" for purposes of the PLRA if it duplicates allegations made in another federal lawsuit by the same plaintiff. See Pittman v. Moore, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). The allegations in Jackson's pending civil rights complaint are similar to those raised and rejected previously. Therefore the court concludes that the pending complaint is subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). See, e.g., Wilson v. Lynaugh, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed sua sponte).

Alternatively, Jackson's claims for monetary damages against the State of Texas must be dismissed because they are clearly precluded by the Eleventh Amendment,[7] which bars an action in

---

[6]See Complaint, Docket Entry No. 1, pp. 4-5, and Order of Dismissal, Docket Entry No. 5, pp. 1-2, in Jackson v. State of Texas, Civil No. H-19-0578 (S.D. Tex.).

[7]The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

federal court by a citizen of a state against his or her own state absent an express waiver. See Martinez v. Texas Dep't of Criminal Justice, 300 F.3d 567, 574 (5th Cir. 2002). Texas has not waived its Eleventh Amendment immunity, and § 1983 does not otherwise abrogate state sovereign immunity. See NiGen Biotech, L.L.C., v. Paxton, 804 F.3d 389, 394 (5th Cir. 2015) (citing Quern v. Jordan, 99 S. Ct. 1139, 1145 (1979)). Accordingly, Jackson's claims against the State of Texas must be dismissed.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Complaint for Violation of Civil Rights filed by Paul Jackson (Docket Entry No. 1) is **DISMISSED with prejudice**.

2. The dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also provide a copy of this order to the Manager of the Three Strikes List at Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas, on this the 16th day of May, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE